IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | |
|---|---|
| **ANTONIO R. REED,**<br><br>            Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>            Respondent. | Civil Action No.: 5:17cv48<br>Criminal No.: 5:06cr15<br>(JUDGE STAMP) |

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On April 18, 2017, Antonio R. Reed ("Petitioner"), proceeding *pro se*, filed a Motion to Reduce Sentence Pursuant to "The Holloway Doctrine." The pleading was used to open a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:17cv48, ECF No.1; 5:06cr15 ECF No. 95).[1] On April 19, 2017, the Clerk of Court issued a Notice of Deficient Pleading. ECF No. 98. On April 27, 2017, the Petitioner filed his § 2255 motion on the court-approved form, The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

---

[1] From this point forward, all Document Numbers refer to Petitioner's Criminal Action.

1

## II.   Procedural History

On August 27, 2009, the Petitioner filed his first motion pursuant to 28 U.S.C. § 2255 in which he raised the following claims:

(1) ineffective assistance of counsel, because defense counsel was not certified for practice in the federal court system;

(2) ineffective assistance of counsel, for permitting Petitioner to enter into a plea agreement when his mental competence was so questionable as to render his guilty plea not voluntary, knowing or intelligent;

(3) defense counsel had a conflict of interest, i.e., his desire to avoid being unapproved for practice in federal court, which caused counsel to forego pursuing a particular litigation strategy that might have been an available alternative to the one actually pursued on Petitioner's behalf;

(4) the DEA agent and the government's confidential informant were "old college buddies" and fraternity brothers, their shared friendly history contributed to collusion, including Petitioner's being "set up" with "false" accusations, "hidden facts and back alley dealings" that led to his indictment and sentencing;

(5) Petitioner's sentencing as a career criminal resulted in a sentence in excess of the maximum permitted by law;

(6) Petitioner's Fourth Amendment rights were violated, because the confidential informant whose affidavit supported the search warrant was unreliable, therefore the information he provided was insufficient to support issuance of the warrant; and

(7) Petitioner was hindered in the preparation of a timely § 2255 motion because of the insufficient law library resources at the penitentiary relative to the number of

inmates, including too few typewriters and lack of assistance in preparing the motion. By Memorandum Opinion and Order entered on October 19, 2011, the Court affirmed and adopted the recommendation of the United States Magistrate Judge that the motion be denied as untimely. ECF No. 72.

In his pending Motion to Vacate, Petitioner moves the Court to reduce his sentence pursuant to "The Holloway Doctrine."[1] Petitioner has attached his Petition for Clemency and the memorandum in support thereof. ECF No. 95-1.

## ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

---

[1] The undersigned believes Petitioner is referring to the decision entered in U.S. V. Holloway, 68 F.Supp. 310 (E.D.N.Y. July 28, 2014).

3

Here, it is clear that Petitioner's prior habeas petition was dismissed on the merits.[2] ECF No. 72. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion, and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:17cv48, ECF. No. 1; Criminal Action No. 5:06cr15, ECF No. 95] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable FREDERICK P. STAMP, JR., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

---

[2] Although Petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit.  See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

      The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: April 28, 2017.

                              */s/ James E. Seibert*
                              JAMES E. SEIBERT
                              UNITED STATES MAGISTRATE JUDGE